UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ROHAN MARSHALL,<br><br>          Petitioner,<br><br>          V.<br><br>THOMAS WIGGER, WILLIAM CLEARY, and the U.S. DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION and CUSTOMS ENFORCEMENT<br><br>          Respondent. | **REPORT AND RECOMMENDATION**<br><br>07-CV-430<br>(LEK/VEB) |

## I. INTRODUCTION

Petitioner, Rohan Marshall, proceeding *pro se*, commenced this action seeking habeas corpus relief under 28 U.S.C. § 2241.  (Docket No. 1).  Petitioner states that he was ordered to be removed from the Unites States in 2005.  He asserts that he should be released, that his continued detention violates due process, and he requests a stay of deportation.  (Id.).

This matter was referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 5).

## II. REPORT AND RECOMMENDATION

### A.     Deportation

Since filing this petition, Petitioner was deported from the United States on July

24, 2007. (Docket No. 4, Exhibit 1, Executed Certificate of Removal).  On December 12, 2007, respondent filed their response requesting dismissal of Marshall's petition on the basis that his deportation pursuant to the final order of removal rendered the petition moot. See (Docket 4).

" '[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' " County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)); accord County of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000); New York City Employees' Retirement System v. Dole, 969 F.2d 1430, 1433 (2d Cir.1992). The concern underlying the mootness doctrine is that "when the challenged conduct ceases such that "there is no reasonable expectation that the wrong will be repeated,' " United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953), then it becomes impossible for the court to grant ' "any effectual relief whatever" to [the] prevailing party,' Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895))." County of Erie v. Pap's A.M., 529 U.S. at 287. In such cases, "any opinion as to the legality of the challenged action would be advisory." Id.

Here, by this habeas corpus petition, Marshall sought release from custody. The petition therefore became moot upon Marshall's release from custody and deportation from the United States, and should therefore be DISMISSED as moot.  See Ramirez v. INS, 86 F.Supp.2d 301, 303-04 (S.D.N.Y. 2000)(stating deportation renders habeas petition moot).

### B. Failure to Notify Court of Change of Address

Additionally, and as an independent basis for dismissal, Petitioner has failed to

notify this Court of his change of address. (Docket No. 6 ). Rule 10.1(b) of the Local Rules of Civil Procedure for the United States District Court of the Northern District of New York states that "[a]ll attorneys of record and *pro se* litigants must immediately notify the Court of any change of address." Local Rule 41.2(b) specifically provides that failure to notify the Court of an address change pursuant to Rule 10.1(b) "may result in the dismissal of any pending action." "Notification of a new address is essential for the orderly disposition of cases as it is not feasible for the court to independently maintain the current addresses of all parties to pending actions." Bourdon v. Walker, 453 F.Supp.2d 594 (N.D.N.Y.2006) (citing Fenza v. Conklin, 177 F.R.D. 126, 127 (N.D.N.Y.1998) (Pooler, D.J.)).

The clerk's office mailed to Petitioner at his last known address, a copy of the Honorable Norman A. Mordue's order reassigning this case to the undersigned on June 16, 2008. Thereafter, on June 23, 2008, the mail was returned to the clerk's office as undeliverable. (Docket No. 6). Petitioner has failed to provide this Court with a current address.

Accordingly, as a result of Petitioner's failure to furnish the Court with a current address the Petition should be DISMISSED with prejudice pursuant to Local Rule 41.2(b). See Williams v. Faulkner, 1998 WL 278288 (N.D.N.Y. May 20, 1998); Walker, 453 F.Supp.2d 594; Green v. Rabideau, 2007 WL 499621, *4 (N.D.N.Y. February 13, 2007).[1]

---

[1] This Court notes that Respondent Superintendent Wigger made motion requesting his removal as a respondent in this matter. This request should be granted as Petitioner is no longer residing his Superintendent Wigger's prison. See 28 U.S.C. § 2243.

## IV. CONCLUSION

For the reasons stated above, the Court recommends Rowan Marshall's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied and that the Petition be dismissed.  Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. See 28 U.S.C. § 2253(c)(2) (1996).

                Respectfully submitted,

                Victor E. Bianchini
                United States Magistrate Judge

DATED:  June 25, 2008

     Syracuse, New York

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS** to this Report & Recommendation must be filed with the Clerk

of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN**. Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on de novo review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

June 25, 2008

Victor E. Bianchini
United States Magistrate Judge